# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**RICKY GSCHWEND**                                                                                   **PLAINTIFF**

**v.**                              **CASE NO. 2:18-CV-00166-JTK**

**ANDREW SAUL,[1] Commissioner,**
**Social Security Administration**                                                                   **DEFENDANT**

## ORDER

**I.     Introduction:**

On February 25, 2016, Plaintiff Ricky Gschwend applied for both supplemental security income (SSI) and for disability insurance benefits (DIB), alleging disability beginning on June 15, 2015. (SSA record "R." at 10) Gschwend's claims were denied initially (R. 10, 74-75) and upon reconsideration. (R. 10, 76-77) After a hearing, the Administrative Law Judge (ALJ) denied the application on April 4, 2018. (R. 10-18) The Appeals Council denied Gschwend's request for review (R. 1-6); therefore, the ALJ's decision now stands as the final decision of the Commissioner.

Gschwend now seeks judicial review of the decision denying him benefits. (Doc. 2) For the reasons stated below, the Court[2] reverses the decision of the Commissioner.

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to FED. R. CIV. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

[2] The parties have consented to jurisdiction of the United States Magistrate Judge. (Doc. 6)

## II. The ALJ's Decision:

The ALJ found that Gschwend's earnings showed he had acquired sufficient quarters of coverage to remain insured through June 30, 2016. (R. 10) The ALJ also found that Gschwend had not engaged in substantial gainful activity since June 15, 2015, and that he had the following severe impairments: hypertension, lumbago, arthritis, blind in the left eye, and obesity. (R. 12)

After finding that Gschwend's impairments did not meet or equal a listed impairment (R. 13), the ALJ determined that Gschwend had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b). (R. 13) Additionally, the ALJ determined that Gschwend requires jobs where monocular vision is allowed and where only the occasional need to climb ramps and stairs, balance, stoop, kneel, crouch, and crawl is required. (*Id*.) Further, Gschwend should avoid hazards, requires a cane for walking and balance, and is limited to unskilled work. (*Id*.)

The ALJ concluded that Gschwend was able to perform his past relevant work as a scrap weigher. (R. 16) The ALJ further relied on a Vocational Expert (VE) who testified that, based on Gschwend's age, education, work experience, and RFC, he was capable of performing a number of jobs in the national economy including as a cashier or ticket attendant. (R. 17) Based on the above, the ALJ determined that Gschwend was not disabled. (R. 18)

**III.   Discussion:**

    A.   Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019); *see also* 42 U.S.C. § 405(g). "Substantial evidence" in this context means enough that "a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citing *Ash v. Colvin*, 812 F.3d 686, 689 (8th Cir. 2016)). In making this determination, the court must consider not only evidence that supports the Commissioner's decision, but also, evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence would have supported an opposite decision." *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (internal citation omitted).

    B.   Discussion

In this appeal, Gschwend contends that substantial evidence does not support the ALJ's decision to deny benefits. Specifically, he asserts the ALJ erred in determining that his former job as a scrap weigher constituted a substantial gainful activity to which he could return. (Doc. 15 at 4) The Commissioner does not contest this point but argues it is harmless in any event. (Doc. 16 at 5) Gschwend also argues that the ALJ failed to properly develop the record by not re-ordering a physical consultative examination (CE) and, as a result, that there was insufficient evidence in the record upon which the ALJ could rate his limitations. (*Id.*) The Court finds support for this argument.

"A claimant's RFC is a medical question, [and] an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the

workplace." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). That said, the RFC is "ultimately an administrative determination reserved to the Commissioner," *id*.; however, an ALJ has a duty to develop the record fully, even when the claimant is represented by counsel, and must order a consultative examination if it is necessary to make an informed decision. *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

Gschwend was scheduled for a consultative exam on May 20, 2016 and admittedly failed to make that appointment. At both the initial and reconsideration review stages, the agency doctors found Gschwend was not disabled while at the same time explaining that there was "insufficient evidence to rate due to [his] failure to cooperate with the CE." (R. 62, 71, 86, 97). And, as a result, neither a RFC nor medical determinable impairments with limitations were determined by the agency doctors. (R. 61-63, 69-72, 86-87, 95-98).

At the hearing, the ALJ asked for medical evidence of the back and feet issues; however, Gschwend was only able to provide x-rays of his shoulder taken after a car wreck the previous year. (R. 33-34). Neither his primary care physician nor his chiropractor who treated him for back and ankle pain had taken any imaging,(R. 34), and his counsel admitted that x-rays of his right knee showed no acute abnormality. (R. 34) Gschwend's medical records were equally unremarkable showing he suffered, at best, from mild arthralgia and back pain which were generally improving or well-controlled, (R. 307, 324, 326, 333, 336, 337, 339-40, 343, 346, 348, 350, 352, 354, 356, 358, 360, 365, 367, 370), and at worst, from mildly exacerbated back pain and worsening ankle arthralgia. (R. 373, 377, 380) As a result, the ALJ assigned some weight to the agency

4

doctor's report that there was insufficient evidence to evaluate the functional limitations. (R. 15)

Gschwend uses a cane as prescribed by his doctor due to his weight. (R. 44, 307) He explained he uses the cane for both walking and balancing, admitting that his weight added to his back and ankle pain. (R. 45) Gschwend takes both prescribed and over-the-counter medicines to alleviate the pain. (R. 46, 230, 277, 488-89) Additionally, Gschwend's counsel provided the ALJ with school records indicating a full scale I.Q. of 69 and argued this supported a finding of a borderline intelligence. (R. 31-32) His counsel also noted that Gschwend's severe impairments included chronic lower back pain, chronic foot and ankle pain, obesity, and blindness in his left eye. (R. 33) However, the ALJ determined Gschwend's reported limitations are not supported by the medical record. (R. 15)

Gschwend's counsel asked the ALJ to re-order a CE before reaching a decision. (R. 53-54) The ALJ explained that she was not inclined to do so because Gschwend had missed the first with no attempt to reschedule and because the record contained some medical evidence but would consider the request. (R. 53)

Although a claimant may be deemed disabled when no reason has been provided for missing a consultative exam, 20 C.F.R. 416.918(a), here Gschwend offered an excellent explanation. At his hearing, he explained that his wife had been hospitalized the day of the CE due to an obstetrical emergency. (R. 33-34). Although Gschwend made no attempt to reschedule that appointment, his attorney explained that Gschwend had not

known that rescheduling was possible. (R. 34). There is no evidence that Gschwend was dilatory in seeking a re-order of the CE or in providing evidence of his I.Q.

Neither Gschwend's treating physicians nor the agency doctors made recommendations as to any physical limitations. In fact, the first agency doctor noted that a CE was needed stating, "[t]he evidence as a whole, both medical and non-medial is not sufficient to support a decision on the claim." (R. 60-61, 69) Both initial and reviewing doctors remarked, "[a]dequate physical exam addressing musculoskeletal allegations absent from available MER" and "[i]nsufficient evidence to rate/evaluate." (R. 62, 71, 85, 96) Despite the documented lack of medical evidence, the AJL erroneously filled in that evidentiary deficit with her own lay opinion.

Here, there were no medical opinions provided to support the ALJ's findings regarding Gschwend's physical limitations – e.g., the need avoid hazards and only occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl. Additionally, documentation of his I.Q. was not provided until the hearing; thus, the agency physicians could not consider this information when their determinations were made. In light of the lack of opinion evidence, the ALJ had a duty to order a consultative examination and created reversible error for failing to do so. 20 C.F.R. § 404.1512(e); *Nevland v. Apfel*, 204 F.3d 853, 857-8 (8th Cir. 2000).

## IV.  Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. A CE should have been ordered. The decision is hereby reversed and the case remanded with instructions for further review.

IT IS SO ORDERED this 1st day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE